IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL PAUL McWILLIAMS and C.J.M., Plaintiffs | : | No. 3:25cv876 |
| | : | (Judge Munley) |
| v. | : | (Magistrate Judge Carlson) |
| PIKE COUNTY PROBATION OFFICE; PIKE COUNTY DISTRICT ATTORNEY'S OFFICE; PIKE COUNTY; and DELAWARE VALLEY SCHOOL DISTRICT, Defendants | : | FILED SCRANTON AUG 05 2026 PER ______ DEPUTY CLERK |

**MEMORANDUM**

Before the court is a report and recommendation ("R&R") from Magistrate Judge Martin C. Carlson with respect to the above matter. (Doc. 44). The R&R concerns two motions: 1) a motion to dismiss filed by Defendants Pike County Probation Office, Pike County District Attorney's Office, and Pike County ("Pike County Defendants"); and 2) a motion for a preliminary injunction against prosecution filed by Plaintiff Michael Paul McWilliams on behalf of himself and his son, C.J.M. For the reasons set forth, the R&R will be adopted in part. The Pike County Defendants' motion to dismiss will be granted, but McWilliams will be afforded leave to amend his own claims. Plaintiffs' motion for a preliminary injunction against prosecution will be denied.

**Background**

This action was filed by McWilliams on behalf of himself and his son, C.J.M. McWilliams is pro se.

C.J.M. is 17 years old. He was enrolled at the Delaware Valley High School ("DVHS") in Matamoras, Pike County, Pennsylvania. According to McWilliams, C.J.M. suffered terrible abuse and neglect as the result of being a dependent child, including sexual abuse and abandonment. (Doc. 1, Compl. ¶ 104). C.J.M. receives special education services and has an individualized education plan ("IEP") and behavioral improvement plan ("BIP"). Id. ¶ 106.

According to the allegations, McWilliams enrolled C.J.M. at Delaware Valley on April 9, 2025. Id. ¶ 16. On April 30, 2025, C.J.M. was involved in a physical confrontation with a DVHS staff member and a school police officer. (Id. ¶¶ 48–81; Doc. 1-4, Pl. Ex. 3). McWilliams alleges that the DVHS staff member instigated the incident, antagonized C.J.M., and ignored the IEP and BIP. (Doc. 1, Compl. ¶¶ 107, 112).

The above incident led to juvenile court proceedings. (Doc. 1-7, Pl. Ex. 6). C.J.M. is accused of committing delinquent acts including aggravated assault, resisting law enforcement, terroristic threats, disorderly conduct, and criminal mischief. Id.

McWilliams challenges the propriety of C.J.M.'s juvenile court proceedings. He alleges that the Pike County DA's office and probation office are prosecuting a child with disabilities for a situation caused by the DVHS staff member and by neglect of the school district. (Doc. 1, Compl. ¶¶ 113–14). He asserts that the assistant district attorney handling the matter made outrageous and extraordinary statements during the closing arguments of C.J.M.'s detention hearing. Id. ¶¶ 87–89. Additionally, at the time the complaint was filed, C.J.M. was in custody in a juvenile detention center. McWilliams alleges that other juveniles accused of delinquent acts were allowed to remain with their families until their adjudication hearing.[1] Id. ¶¶ 115–117.

McWilliams's complaint asserts that the Pike County Probation Office violated C.J.M.'s Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Id. ¶¶ 194–204. He asserts claims on C.J.M.'s behalf against the Pike County Defendants under 42 U.S.C. § 1983 for false imprisonment, malicious prosecution, and for violating his procedural due process rights. Id. ¶¶ 205–214,

---

[1] In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). Per his objections to the R&R, McWilliiams alleges that a dispositional hearing was held in April 2026 and C.J.M. was placed on probation. (Doc. 45-1 at 4). This factual update exists outside the complaint and is not considered as part of the disposition of the pending motions. However, the court will consider the updated facts supplied by McWilliams in determining whether he should be provided leave to amend.

224–231. Further he asserts that the Pike County DA's office continues to misrepresent the facts and is padding the charges to make an example out of C.J.M.; thus, they are liable for the tort of negligent misrepresentation. Id. ¶¶ 232–237.

In this action, McWilliams intends to represent C.J.M. He seeks money damages on his and C.J.M.'s behalf. He also seeks declaratory and injunctive relief.

The Clerk of Court assigned this matter to the undersigned prior to service of the complaint and summons on the Pike County Defendants. On August 14, 2025, the court granted McWilliams's request for an extension of time to serve the complaint. (Doc. 10). A portion of that order provided:

> McWilliams proceeds in this action *pro se*. The caption of the complaint lists CJM as a co-plaintiff in this action. McWilliams is CJM's father. In the federal courts, "parties may plead and conduct their own cases personally[.]" 28 U.S.C. § 1654. However, a nonlawyer parent is not entitled to play the role of attorney for his children in federal court. Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991). Consequently, to the extent that McWilliams attempts to bring any claims on behalf of CJM in the complaint, he cannot represent CJM pro se. See id. at 882–83. The extension for service will also afford McWilliams an opportunity to secure counsel for CJM's interests in this litigation.

Id.

The court reiterated this statement of law in an order dated November 5, 2025. (Doc. 17).

Thereafter, the Pike County Defendants responded to the complaint with a motion to dismiss for failure to state a claim. (Doc. 24). Among the various issues raised by the Pike County Defendants is an argument that McWilliams lacks standing to pursue claims on C.J.M.'s behalf.

Separately, McWilliams moves for a preliminary injunction to prevent "Defendant Pike County District Attorney's Office, in their official capacities, from criminally prosecuting or taking other adverse actions against the Plaintiffs under Section 17.2 of the Educator Discipline Act, Act of December 12, 1973 (P.L. 397, No. 141), as amended December 18, 2013 (P.L. 1205, No. 120), 24 P.S. § 2070.17b, for stating, publishing, distributing or otherwise sharing any information or documents, whether publicly or privately, disclosing **IF** the Plaintiffs have filed a professional misconduct complaint with the Pennsylvania Department of Education, disclosing the contents of such complaint if one exists, disclosing the Department's disposition of their complaint if such a complaint exists, and disclosing communications from the Department to Plaintiffs concerning a complaint if one exists." (Doc. 28). The Pike County Defendants oppose the request for injunctive relief.

Pursuant to the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(B), the undersigned referred the above matters to a United States Magistrate Judge. On May 19, 2026, Magistrate Judge Carlson issued an R&R recommending that the

Pike County Defendants' motion to dismiss be granted and that McWilliams's motion for a preliminary injunction be denied. (Doc. 44). McWilliams timely filed objections to the R&R. (Docs. 45, 45-1).

**Jurisdiction**

The court has jurisdiction over the plaintiff's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. McWilliams's objections are sufficient to trigger *de novo* review of the motion to dismiss.

## Analysis

### I. Pike County Defendants' Motion to Dismiss

The Pike County Defendants raise at least five grounds for dismissal in their motion, including McWilliams's standing to pursue claims on behalf of C.J.M.. (Doc. 25, Br. in Supp.). As indicated above, the court issued several orders advising McWilliams that he could not represent C.J.M. (Docs. 10, 14). It is appropriate to pick up where those orders left off.

#### A. McWilliams's Standing to Represent C.J.M.

Under Third Circuit precedent, "a non-lawyer appearing *pro se* [is] not entitled to play the role of attorney for his children in federal court[.]" Osei-Afriyie, 937 F.2d at 882. That is, "[t]he right to counsel belongs to the children, and...the parent cannot waive this right[.]" Osei-Afriyie, 937 F.2d at 883.

In recommending dismissal of the complaint, the R&R identified McWilliams's representation of C.J.M. as one of "several legal obstacles" faced by the plaintiffs in pursuing federal civil rights claims against the Pike County Defendants. (Doc. 44 at 8–10).

McWilliams objections are noted. His arguments, however, do not justify the court carving out an exception to the rule stated in Osei-Afryie as to the claims asserted against Pike County Defendants.

McWilliams's objections refer to alleged ADA and IDEA claims against the Pike County Defendants. (Doc. 45-1 at 9–10). The argument lodged is as follows:

> McWilliams alleges the County Defendants violated the Individuals with Disabilities Education Act ("IDEA") and the Americans with Disability Act ("ADA")...and these violations of IDEA and the ADA were the result of the causes of action specified in the Plaintiffs' Complaint. See: (ECF DK No. 1), ¶¶s 125-149 and 194-237. See alleged violations of CJM'S IV, V, VI, and XIV Constitutional Amendment Rights, Police Misconduct, False Imprisonment, Malicious Prosecution, Discrimination, and violation of 42 U.S.C. §1983. It is important to note: the alleged violations of the ADA and IDEA were the result of the aforementioned causes of action. In other words: the causes of action specified in the Plaintiffs' Complaint is the mechanism by which the County Defendants denied CJM's right to a "'free appropriate public education,' 20 U. S. C. §1400(d)(1)(A)". See:Winkelman. However, the mechanism of how does not diminish the underlying outcome; i.e., a violation of IDEA and the ADA. In the instant, 42 U.S.C. §1983 is simply the legal mechanism to redress how the County Defendants allegedly violated IDEA and is not meant to replace the gravamen of the instant Complaint which remains a violation of IDEA.

Id. (as argued).

Even when liberally construed, however, McWilliams's complaint on behalf of C.J.M. does not assert ADA and IDEA claims against the Pike County Defendants. That is, in the complaint, McWilliams organized his claims into

different causes of action. Count I references violation of the ADA and the IDEA by the Delaware Valley School District only.[2]

McWilliams also objects with an alternative textualist argument. He contends that C.J.M.'s Section 1983 claims are his "own." (Doc. 45-1 at 10) (citing 28 U.S.C. § 1654 and Raskin on behalf of JD v. Dallas Indep. Sch. Dist., 69 F.4th 280, 284 (5th Cir. 2023)).

In Raskin, the Fifth Circuit determined that 28 U.S.C. § 1654 is not an absolute bar to parents proceeding *pro se* on behalf of their children. 69 F.4th at 286–87. Rather, in the Fifth Circuit, courts must look to "whether federal or state law designates [a parent's] children's claims as her "own" such that she can represent them." Id. at 286.

Raskin does not favor McWilliams representing his child in Section 1983 litigation. Even if it were binding on this court, under Raskin, C.J.M.'s Section 1983 claims belong to C.J.M. and C.J.M. alone.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution

[2] Furthermore, from a practical standpoint, there are no allegations that Pike County operated the detention facility where C.J.M. was placed or otherwise acted as a local educational agency for the purposes of an IDEA claim. 20 U.S.C. §§ 1401(19)(A), 1415(a).

> and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

Focusing on the portion relevant here, Section 1983 makes the violation of constitutional rights redressable "**to the party injured** in an action at law, suit in equity, or other proper proceeding for redress[.]" Id. (emphasis added).

Separately, federal law provides that "[i]n all courts of the United States the parties may plead and conduct their **own** cases **personally or by counsel** as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added).

Read together, to the extent that C.J.M. is owed redress by the Pike County Defendants for violation of his constitutional rights, he is the party allegedly injured and only he may plead and conduct his own case personally or by counsel.[3] Id.

---

[3] To the extent that state law considerations would be applicable to this analysis, the Superior Court of Pennsylvania has noted that there is a "dearth of caselaw concerning the question of whether a non-attorney parent may represent her minor child in a court proceeding[.]" E.W. v. E.N., 327 A.3d 679, 684 (2024), app denied, 340 A.3d 273 (Pa. 2025). It is further noted that "the overwhelming balance of cases from other jurisdictions answer this question in the negative." Id. at 684 n.1 (citing Osei-Afriye, 937 F.2d at 882).

Consequently, to the extent that McWilliams attempts to bring any Section 1983 claims against the Pike County Defendants on behalf of C.J.M., he cannot represent his son pro se. See Osei-Afriye, 937 F.2d at 882–83.

The court therefore considers C.J.M. to be an unrepresented party. Under the Federal Rules of Civil Procedure, "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." FED. R. CIV. P. 17(c)(2). The court may also "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

There are practical hurdles to appointing counsel. The court cannot force a lawyer to represent C.J.M. in this action and there is no guarantee that a pro bono lawyer will respond to inquires for pro bono appointment in this case. Furthermore, according to the exhibits attached to the complaint, C.J.M. will turn 18 years old in approximately four months. C.J.M. is only a short time away from being able to secure counsel of his own choosing. Alternatively, C.J.M. will soon be able to represent himself in any Section 1983 action under 28 U.S.C. § 1654. Therefore, to preserve C.J.M.'s claims without complication, the court will dismiss his Section 1983 claims against the Pike County Defendants without prejudice. See Grizzell v. San Elijo Elementary Sch., 110 F.4th 1177, 1179 (9th Cir. 2024), cert. denied, 145 S. Ct. 2701, 221 L. Ed. 2d 966 (2025). If C.J.M. wishes, he

may bring any claims through his own counsel or on his own behalf upon reaching adulthood later this year.

As a result of this ruling, only McWilliams's personal Section 1983 claims against the Pike County Defendants remain. McWilliams's complaint refers to C.J.M. being detained as a deprivation of his property. (Doc. 1, Compl. ¶¶ 216–17). The court will liberally construe McWilliams's allegations as asserting a claim under the Due Process Clause of the Fourteenth Amendment for deprivation of his liberty interests in the custody, care, and management of C.J.M. See Croft v. Westmoreland Cnty. Child. & Youth Servs., 103 F.3d 1123, 1125 (3d Cir. 1997).

Aside from standing, the Pike County Defendants also moved to dismiss McWilliams's complaint on several other grounds. The court will consider those arguments in conjunction with McWilliams's remaining claim.

### B. Claims Against Pike County District Attorney's Office and Pike County Probation Office

The Pike County Defendants assert that the county probation office and district attorney's office are not separate legal entities capable of being sued under Section 1983.

"To state a Section 1983 claim, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of

state law.' " Schlagel v. Butler Cnty. Child. & Youth Servs., No. 2:23-CV-1890, 2025 WL 676318, at *2 (W.D. Pa. Mar. 3, 2025) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). As for the Pike County District Attorney's Office, the Third Circuit Court of Appeals has noted that a county district attorney's office "is not an entity for purposes of § 1983 liability[.]" Reitz v. Cnty. of Bucks, 125 F.3d 139, 148 (3d Cir. 1997). Therefore, the Pike County District Attorney's Office will be dismissed from the remainder of this action without further discussion.[4]

As for the county probation office, the Pike County Defendants assert that this office is not a "person" under Section 1983 and would otherwise be entitled to Eleventh Amendment immunity as an arm of the Commonwealth. The court agrees. Numerous district courts have held that county probation departments are not "persons" for the purposes of Section 1983 liability, including in prior decisions issued by the undersigned. Builder v. Norton, No. 3:25-CV-2389, 2026 WL 1963040, at *4 (M.D. Pa. July 7, 2026); Davenport v. Cumberland Cnty. Public Defender, No. 3:21-CV-84, 2021 WL 4699203, at *2 (M.D. Pa. Oct. 7, 2021); Pittman v. Middlesex Cnty. Prob. Dep't, No. CV 14-1568 (FLW), 2017 WL 1129592, at *3 (D.N.J. Mar. 24, 2017); Love v. DCP Cnty. Determint Prison, No.

[4] At least one district court declined to follow this statement in Reitz, see Sourovelis v. City of Philadelphia, 103 F. Supp. 3d 694, 711 (E.D. Pa. 2015), while other district courts have acknowledged that Reitz is controlling. Est. of Tyler ex rel. Floyd v. Grossman, 108 F. Supp. 3d 279, 288 (E.D. Pa. 2015). Until disavowed, the undersigned applies this statement from Reitz to McWilliams's Section 1983 claims.

3:16-CV-452, 2016 WL 1357614, at *2 (M.D. Pa. Mar. 31, 2016); Duffy v. Cnty. of Bucks, 7 F. Supp. 2d 569, 579 (E.D. Pa. 1998). Moreover, under the law, "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008). Both reasons justify dismissal of the Pike County Probation Office from the remainder of this action.

McWilliams objects to Magistrate Judge Carlson's similar conclusion. He argues that his requests for prospective and injunctive relief should keep the county probation office and the county district attorney's office in this case. In support, he refers the court to his motion for a preliminary injunction and a decision issued by the Honorable Karen Marston in Doe v. Schorn, 711 F. Supp. 3d 375 (E.D. Pa. 2024), app. dismissed as moot sub nom. Pepper v. Att'y Gen. Pennsylvania, No. 24-1261, 2024 WL 5102861 (3d Cir. Dec. 13, 2024).[5]

To the extent that McWilliams attempts to mimic the Doe plaintiff in this litigation, his efforts fall short. There are several distinctions between this case and Doe worth noting in this section of the analysis. First and foremost, the Doe plaintiff sued the district attorney of the relevant county in her official capacity. Id. at 382. He also initiated an action under Section 1983 arguing that a provision of

[5] McWilliams refers to this case as "John Doe v. Weintraub et al., No. 23-3252 (2024)."

Pennsylvania law violated his First Amendment rights as applied to him. Id. at 384. Here, McWilliams's complaint does neither of those things. Consequently, the Pike County District Attorney's Office will be dismissed. The court will address Doe again later in this memorandum.

### C. Claims Against Pike County

The moving defendants also argue that McWilliams fails to establish the prerequisites of a municipal liability claim against Pike County under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). That is, defendants contend that McWilliams does not identify a policy or custom that led to the alleged constitutional violation. See id. at 694 ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

From his opposition papers and objections to the R&R, the court construes McWilliams's claim against Pike County as a Section 1983 failure-to-train claim arising from a single incident—his son's juvenile proceedings. The Third Circuit Court of Appeals has reiterated that single-incident failure-to-train claims are "vanishingly rare" and may proceed in only "unusual" and "extreme" cases. Miller

v. City of Philadelphia, 162 F.4th 88, 94 (3d Cir. 2025) (citing City of Canton v. Harris, 489 U.S. 378, 390, n.10 (1989); Connick v. Thompson, 563 U.S, 51 ,63–64 (2011); Hightower v. City of Philadelphia, 130 F.4th 352, 357 (3d Cir. 2025)). It has emphasized that the United States Supreme Court has never found this bar satisfied and that the hypothetical example offered in Canton involved life-or-death consequences from a failure to train: "if a city armed its police with guns and set them loose without any legal training on when to use them." Hightower, 130 F.4th at 357.

In his objections to the R&R, McWilliams contends that he has unearthed a wide array of alleged misconduct by Pike County judges, an assistant district attorney, a probation officer, and a member of law enforcement, as well as a number of purported conflicts of interest. According to McWilliams, these were facts that he did not have at the time of filing his complaint.

Notably, McWilliams also requests leave to amend. "[I]n civil rights cases district courts must offer amendment…when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). In this case, the court is uncertain whether McWilliams will be able allege cognizable and plausible claims against Pike County for municipal liability under Section 1983, but the appropriate disposition involves giving him an opportunity to replead.

Therefore, McWilliams will be granted leave to file an amended complaint.[6] He will be provided with 30 days to do so.

## II. **Motion for a Preliminary Injunction**

Returning to a discussion of Doe, McWilliams has also filed a motion for a preliminary injunction against the Pike County Defendants. (Doc. 28). He seeks to enjoin his prosecution under 24 PA. STAT. § 2070.17b, a statute which makes it a misdemeanor of the third degree to disclose confidential information related to educator misconduct complaints. From McWilliams's affidavit, it appears that he *may* have submitted an educator misconduct complaint regarding the Delaware Valley staff member involved in his son's incident at school which led to the juvenile court proceedings. (Doc. 29). McWilliams also *may* want to disclose information about this complaint (if he indeed filed a complaint). Id. McWilliams contends that this statute violates his First and Fourteenth Amendment rights.

The Pike County Defendants oppose the motion for a preliminary injunction. (Doc. 32). The R&R recommends denial of the motion. (Doc. 44). McWilliams objects. (Doc. 45-1 at 5–7). After review, the motion will be denied.

[6] McWilliams's complaint maintains other claims against the Delaware Valley School District. The Delaware Valley School District responded to the complaint with a motion to dismiss of its own. If McWilliams intends to maintain claims against Delaware Valley, such claims must be realleged in any amended complaint.

The first two elements to consider with the motion are "a reasonable probability of success on the merits of the claim for which injunctive relief is sought" and "irreparable harm in the absence of preliminary injunctive relief[.]" Anash, Inc. v. Borough of Kingston, No. 25-1097, --- F.4th ----, 2026 WL 2196426, at *8 (3d Cir. July 30, 2026). A preliminary injunction cannot be issued if the first two elements are not satisfied. Id.

As to the first consideration, likelihood of success on the merits, it would be premature to consider McWilliams's motion for injunctive relief under the circumstances. In addition to the deficiencies noted above, McWilliams has not challenged the statute in his complaint as being violative of his First Amendment rights. This creates a host of issues, including a situation where the merits of such a claim will never reach trial. McWilliams's request for injunctive relief trips on the first hurdle.

As for the second consideration, irreparable harm, McWilliams has also not alleged standing to challenge the statute as applied to him. In Doe, the plaintiff alleged that he wished "to publicize the nature of his misconduct complaint, disclose the Department [of Education]'s letter dismissing that complaint, and criticize the Department's refusal to take further action." 711 F.Supp. at 393. McWilliams's averments in his motion are not similar by the nature of his use of qualifying language.

Under the law, McWilliams is not entitled to injunctive relief as this case is postured. The proper course, however, is to deny McWilliams's motion for injunctive relief without prejudice. If he believes Doe authorizes recourse, he has been provided with an opportunity to recalibrate his pleadings to properly lodge an as-applied challenge to 24 PA. STAT. § 2070.17b and seek injunctive relief.

**Conclusion**

For the reasons set forth above, the court will enter a mixed decision. McWilliams's objections to the R&R will be sustained in part and overruled in part. The R&R will be adopted in part and not adopted in part. That is, the Pike County Defendants' motion to dismiss will be granted, but McWilliams will be afforded leave to file an amended complaint raising Section 1983 claims he wishes to pursue on his own behalf. The claims asserted by McWilliams on behalf of C.J.M. will be dismissed without prejudice. McWilliams's motion for a preliminary injunction will be denied. An appropriate order follows.

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

8/5/26